Casey H. Kempner, SBN 272149
P&P Imports LLC
3233 W. Castor St.
Santa Ana, California 92704
ckempner@pandpimports.com
650-488-8270

Attorney for Plaintiff
P&P Imports LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P&P IMPORTS LLC, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>PRO SPORTS INC. a New Jersey Corporation d/b/a CHAMPION SPORTS; and DOES 1-10, inclusive,<br><br>Defendants | Case No.: 8:19-cv-00858<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**:<br><br>1) **Copyright Infringement (17 U.S.C. §§ 101 et seq.);**<br>2) **Trade Dress Infringement (15 U.S.C. § 1125(a));**<br>3) **Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 et seq.);**<br>4) **California Common Law Unfair Competition**<br><br>DEMAND FOR JURY TRIAL |

- 1 -
COMPLAINT

Plaintiff P&P Imports LLC ("P&P" or "Plaintiff"), by and through its counsel, alleges for its Complaint against Pro Sports, Inc., a New Jersey corporation, doing business as ("dba") Champion Sports ("Champion"), and Does 1-10, inclusive, (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the suit arises under the copyright laws and Lanham Act the United States, including 15 U.S.C. §§ 1125 and 17 U.S.C. §§ 101 et seq., and this court has supplemental jurisdiction of the California State causes of action under 28 U.S.C. §1367.

2. P&P is informed and believes, and based thereon alleges, that Defendants transact and solicit business in the in the county of Orange, in the Central District of California, and are thus subject to personal jurisdiction here.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1)-(2) and otherwise because a substantial part of the events or omissions giving rise to the claims for copyright infringement, trade dress infringement, unfair competition, and related state claims occurred in this district.

4. P&P is informed and believes, and based thereon alleges, that Defendants have advertised, sold, and distributed the products subject to this Complaint in this judicial district, and engaged in the wrongful acts alleged herein in this judicial district.

## THE PARTIES

5. Plaintiff, P&P Imports LLC is a California limited liability company, with its principal place of business located in this judicial district at 3233 W. Castor Street, Santa Ana, California 92704.

6. Upon information and belief, Defendant Pro Sports, Inc. is a New Jersey Corporation doing business as Champion Sports, with its principal place of business

located outside of this judicial district at One Champion Way, Marlboro, New Jersey, 07746.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff. DOES 1-10 may be entities of Defendant or third-party sellers selling the Ladder Ball Game Set ("LGSTSET" or "CHAMPION LADDER BALL") and the PRO Ladder Ball Game Set ("LGSTPRO" or "CHAMPION LADDER BALL PRO"), referred to collectively as the "INFRINGING PRODUCTS."

8. When the true names and capacities of DOES 1-10 has been ascertained, Plaintiff will amend this pleading accordingly.

9. Plaintiff alleges, upon information and belief, that at all times mentioned herein, each Defendant, and Does 1-10, inclusive, and each of them, were the agents, servants and/or employees of every other Defendant, and the acts of each Defendant as alleged herein, were performed within the course and scope of that agency, service, or employment.

**GENERAL ALLEGATIONS**

10. Plaintiff P&P is a leading designer and distributor of unique, creative, and proprietary games and sporting goods under its GoSports® brand, and other consumer products under its GoFloats® and GoPong® brands. P&P has been in business since 2007. P&P extensively advertises and promotes its products in most major retail venues including Amazon, Walmart, and Target as well as several other Internet and brick and mortar retailers. P&P's product lines are sold across the United States and in other countries such as Canada, Mexico, Australia, and the United Kingdom.

11. P&P is a company that started from very humble beginnings by two young entrepreneurs, Peter Engler and Peter Tanoury, who met at the University of Colorado at Boulder. Peter and Peter shared an entrepreneurial spirit and formed P&P and with their own capital following their graduation in 2007. P&P started with a

1  single product in 2007 and has grown rapidly, creating nearly 350 products to date.
2  Its innovative consumer products have gained significant recognition in the industry
3  and P&P has been named one of the OC Business Journal's fastest growing private
4  companies four years in a row, and is on the Inc. 5000 list of America's Fastest
5  Growing Private Companies. P&P is presently located in Santa Ana, California and
6  employees over 20 hard-working men and women in its Orange County headquarters.

7  　　　　12.　P&P markets its products under three brands: GoSports®, GoFloats®,
8  and GoPong®; all of which are registered with the United States Patent and
9  Trademark Office[1]. P&P has vigorously worked to protect its products and
10  intellectual property, for example, through the use of trademarks, copyrights, patents,
11  and distinctive trade dresses.

12  　　　　13.　One such product under the GoSports® brand is P&P's Premium Ladder
13  Toss Game ("P&P's PREMIUM LADDER TOSS"). A picture of P&P's PREMIUM
14  LADDER TOSS is shown in Exhibit A attached hereto and reproduced below:



---

[1] Trademark registration numbers: GOSPORTS (Reg. No. 4,802,471); GOPONG (Reg. No. 4,734,885); and GOFLOATS (Reg. No. 5,119,406). GoSports®

- 4 -
COMPLAINT

14. Another product at issue in this case is P&P Classic Ladder Toss Game ("P&P's CLASSIC LADDER TOSS" game). A picture of P&P's CLASSIC LADDER TOSS game is shown in Exhibit B attached hereto and reproduced below:



15. Upon information and belief, Defendants sell the CHAMPION LADDER BALL PRO product that is almost identical to P&P's PREMIUM LADDER TOSS product. It is believed that Defendants intentionally appropriated the trade dress of P&P's PREMIUM LADDER TOSS to market, sell, and unfairly profit from the use of P&P's PREMIUM LADDER TOSS trade dress and its goodwill in the marketplace at least as early as 2018. Shown below is a comparison between the P&P's PREMIUM LADDER TOSS on the left, and CHAMPION LADDER BALL PRO[2] on the right:



---

[2] The image of the CHAMPION LADDER BALL PRO product is an accurate reproduction of the image included on page 188 of Defendants' Champion Sports

16. Upon information and belief, Defendants sell the CHAMPION LADDER BALL product that is almost identical to P&P's CLASSIC LADDER TOSS product. It is believed that Defendants intentionally appropriated the trade dress of P&P's CLASSIC LADDER TOSS to market, sell, and unfairly profit from the use of P&P's CLASSIC LADDER TOSS trade dress and its goodwill in the marketplace at least as early as 2018. Shown below is a comparison between the P&P's CLASSIC LADDER TOSS on the left, and CHAMPION LADDER BALL[3] on the right.



17. On August 15, 2016 P&P was issued US Copyright Registration Number VA 2-013-842 entitled "P&P Imports 2016 Lookbook" which included the above photographs of P&P's PREMIUM LADDER TOSS game and P&P's CLASSIC LADDER TOSS game shown in paragraphs 13– 16 and attached hereto as excerpts from the P&P Imports 2016 Lookbook as Exhibit A and Exhibit B respectively. A true and correct copy of the copyright registration certificate for P&P Imports 2016 Lookbook is attached hereto as Exhibit D.

---

Catalog 2018 – 2019 (downloaded May 6, 2019), which is attached as an excerpt hereto as Exhibit C.

[3] The image of the CHAMPION LADDER BALL product is an accurate reproduction of the image included on page 188 of Defendants' Champion Sports Catalog 2018 - 2019 (downloaded May 6, 2019), which is attached as an excerpt hereto as Exhibit C.

COMPLAINT

18. Upon information and belief, Defendants not only intentionally appropriated P&P Imports' trade dress of the P&P's PREMIUM LADDER TOSS and P&P's CLASSIC LADDER TOSS, Defendants also willfully and maliciously appropriated P&P Imports' copyrighted works, copyrighted in P&P Imports 2016 Lookbook, as more set forth herein. Upon information and belief, beginning at least as early as 2018, Defendants began to use, without authority, permission, or license, or other permission, the artwork and copy pertaining to P&P's PREMIUM LADDER TOSS and P&P's CLASSIC LADDER TOSS. More specifically, Defendants willfully appropriated "P&P's PREMIUM LADDER TOSS GAME RULES[4]" on page 306 of the P&P Imports 2016 Lookbook and "P&P's CLASSIC LADDER TOSS GAME RULES[5]" on page 313 of the P&P Imports 2016 Lookbook in connection with the sales and advertising of Defendants' INFRINGING PRODUCTS.

19. Upon information and belief, Defendants sell the CHAMPION LADDER BALL PRO using "CHAMPION LADDER BALL PRO GAME RULES[6]" that are almost identical to "P&P's PREMIUM LADDER TOSS GAME RULES." It is believed that Defendants willfully appropriated P&P Imports' copyrighted material, to market, sell, and unfairly profit from the use of P&P's copyrighted works. Shown below is a comparison between the P&P's PREMIUM LADDER

---

[4] An image of P&P's PREMIUM LADDER TOSS GAME RULES, copyrighted in Reg. No. VA 2-013-842, page 306 is attached as an excerpt hereto as Exhibit E.
[5] An image of P&P's CLASSIC LADDER TOSS GAME RULES, copyrighted in Reg. No. VA 2-013-842, page 313 is attached as an excerpt hereto as Exhibit F.
[6] CHAMPION LADDER BALL PRO GAME RULES are attached hereto as Exhibit G.

TOSS GAME RULES on the TOP, and CHAMPION LADDER BALL PRO GAME RULES on the bottom[7].

20. Upon information and belief, Defendants sell the CHAMPION LADDER BALL using "CHAMPION LADDER BALL GAME RULES[8]" that are almost identical to "P&P's CLASSIC LADDER TOSS GAME RULES." It is believed that Defendants willfully appropriated P&P Imports' copyrighted material, to market, sell, and unfairly profit from the use of P&P's copyrighted works. Shown below is a comparison between the P&P's CLASSIC LADDER TOSS GAME RULES on the TOP, and CHAMPION LADDER BALL GAME RULES on the bottom[9]:

///

///

///

///

///

---

[7] *See* Exhibits E and G.
[8] CHAMPION LADDER BALL GAME RULES are attached hereto as Exhibit H.
[9] *See* Exhibits F and H.

21. Defendants market and sell their INFRINGING PRODUCTS in the United States, including California, at least at championsports.com, amazon.com, ebay.com, zoro.com, shop.com, and other such online and retail marketplaces.

22. Upon information and belief, beginning at least as early as 2018, Defendants began to use, without authority, permission, or license, P&P's PREMIUM LADDER TOSS TRADE DRESS as defined below in connection with the sales and advertising of Defendants' CHAMPION LADDER TOSS PRO game.

23. P&P's PREMIUM LADDER TOSS TRADE DRESS comprises the overall appearance of P&P's PREMIUM LADDER TOSS which may be described as a combination of individual features, including, but not limited to the total visual impression of P&P's PREMIUM LADDER TOSS illustrated in Exhibit A attached hereto and incorporated herein by reference, including the overall appearance of the product's design and packaging, which is distinctive, unique, and non-functional combination of colors, including its final distinctive color combination of its bright yellow, red, and blue horizontal pipes contrasting against a white frame with red and blue 'bolos' ("P&P's PREMIUM LADDER TOSS TRADE DRESS"). P&P's PREMIUM LADDER TOSS TRADE DRESS is inherently distinctive and

nonfunctional, and has been used in commerce to identify a single source—namely GoSports® and/or P&P Imports LLC—since its inception on or about 2012.

24. Upon information and belief, beginning at least as early as 2018, Defendants began to use, without authority, permission, or license, P&P's CLASSIC LADDER TOSS TRADE DRESS as defined below in connection with the sales and advertising of Defendants' CHAMPION LADDER TOSS game.

25. P&P's CLASSIC LADDER TOSS TRADE DRESS comprises the overall appearance of P&P's CLASSIC LADDER TOSS which may be described as a combination of individual features, including, but not limited to the total visual impression of P&P's CLASSIC LADDER TOSS illustrated on Exhibit B attached hereto and incorporated herein by reference, including the overall appearance of the product's design and packaging, which is distinctive, unique, and non-functional combination of colors, including its final distinctive color combination of its yellow, green, and blue horizontal pipes contrasting against a black frame with red and blue 'bolos' ("P&P's CLASSIC LADDER TOSS TRADE DRESS"). P&P's CLASSIC LADDER TOSS TRADE DRESS is inherently distinctive and nonfunctional, and has been used in commerce to identify a single source—namely GoSports® and/or P&P Imports LLC—since its inception on or about 2014.

26. Through P&P's promotional and advertising efforts, P&P's CLASSIC LADDER TOSS TRADE DRESS and P&P's PREMIUM LADDER TOSS TRADE DRESS have become widely known and recognized, and thus have each acquired secondary meaning and are associated with a particular source, namely GoSports® and/or P&P Imports LLC. Regardless, P&P's CLASSIC LADDER TOSS and P&P's PREMIUM LADDER TOSS are also inherently distinctive.

27. P&P has continuously used the current overall appearance of P&P's CLASSIC LADDER TOSS and P&P's PREMIUM LADDER TOSS in connection with the promotion, advertising, and sales of P&P's CLASSIC LADDER TOSS and P&P's PREMIUM LADDER TOSS, respectively, since well before the acts

complained of herein.

28. Defendants are offering for sale, advertising, and selling imitations of P&P's CLASSIC LADDER TOSS and P&P's PREMIUM LADDER TOSS under its "CHAMPION SPORTS" brand, and P&P is informed and believes, and based thereon alleges, that Defendants caused these imitation products to unfairly enter into interstate commerce, including in the Central District of California.

29. The overall appearance of the CHAMPION LADDER BALL is substantially identical to the overall appearance of P&P's CLASSIC LADDER TOSS, and the overall appearance of the CHAMPION LADDER BALL PRO is substantially identical to the overall appearance of P&P's PREMIUM LADDER TOSS, especially when they are viewed at online marketplaces.

30. Upon information and belief, Defendants intentionally stole P&P's copyright work, intentionally and maliciously removed P&P registered GoSports® trademark, and unfairly replaced it with Defendants' "CHAMPION SPORTS" trademark (Compare Exhibits E and F with Exhibits G and H, which are attached hereto and incorporated by reference). Upon information and belief, Defendants included P&P's copyrighted work in Defendants' retail packaging, at least into its game rules, and appropriated P&P's trade dress as further shown in Exhibits F and G.

31. The overall appearance of the CHAMPION LADDER BALL is virtually identical to the overall appearance of P&P's CLASSIC LADDER TOSS. The CHAMPION LADDER BALL resembles a genuine P&P's CLASSIC LADDER TOSS and is likely to confuse consumers as to the affiliation, connection, or association of the CHAMPION LADDER BALL sold by Defendants or as to the origin, sponsorship, or approval of the CHAMPION LADDER BALL. Thus, the presence of the CHAMPION LADDER BALL in the marketplace and in advertising injures and damages the value of the trade dress for the genuine P&P's CLASSIC LADDER TOSS.

32. P&P is informed and believes, and based thereon alleges, that Defendants have offered for sale, advertised, and sold the CHAMPION LADDER BALL with the intent to benefit from P&P's goodwill and reputation in the ladder toss marketplace, to deceive the public as to the source or origin of Defendants' imitation goods, and to profit from the demand created by P&P's CLASSIC LADDER TOSS.

33. P&P is informed and believes, and based thereon alleges, that Defendants have used in connection with sales and/or offers for sale of the CHAMPION LADDER BALL game false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the origin of the CHAMPION LADDER BALL with the intent to benefit from P&P's goodwill and reputation in the ladder toss marketplace, to deceive the public as to the origin of Defendants' imitation goods, and to profit from the demand created by P&P's CLASSIC LADDER TOSS.

34. The overall appearance of the CHAMPION LADDER BALL PRO is virtually identical to the overall appearance of P&P's PREMIUM LADDER TOSS. The CHAMPION LADDER BALL PRO resembles a genuine P&P's PREMIUM LADDER TOSS and is likely to confuse consumers as to the affiliation, connection, or association of the CHAMPION LADDER BALL PRO sold by Defendants or as to the origin, sponsorship, or approval of the CHAMPION LADDER BALL PRO. Thus, the presence of the CHAMPION LADDER BALL PRO in the marketplace and in advertising injures and damages the value of the trade dress for the genuine P&P's PREMIUM LADDER TOSS.

35. P&P is informed and believes, and based thereon alleges, that Defendants have offered for sale, advertised, and sold the CHAMPION LADDER BALL PRO with the intent to benefit from P&P's goodwill and reputation in the ladder toss marketplace, to deceive the public as to the source or origin of

1  Defendants' imitation products, and to profit from the demand created by P&P's
2  PREMIUM LADDER TOSS.

3  36. P&P is informed and believes, and based thereon alleges, that
4  Defendants have used in connection with sales and/or offers for sale of the
5  CHAMPION LADDER BALL PRO game false designations of origin, false or
6  misleading descriptions of fact, and/or false or misleading representations of fact,
7  which are likely to cause confusion, or to cause mistake, or to deceive as to the origin
8  of the CHAMPION LADDER BALL PRO with the intent to benefit from P&P's
9  goodwill and reputation in the ladder toss marketplace, to deceive the public as to the
10  origin of Defendants' imitation products, and to profit from the demand created by
11  P&P's PREMIUM LADDER TOSS.

**FIRST CLAIM FOR RELIEF**
**Federal Copyright Infringement**
**(17 U.S.C. §§ 101 et seq.)**

14  37. P&P incorporates by reference all of the allegations of paragraphs 1
15  through 36, inclusive.

16  38. P&P is the exclusive owner of US Copyright Registration Number VA
17  2-013-842 entitled "P&P Imports 2016 Lookbook," which includes its branded
18  products, product packaging, designs, and advertising images.

19  39. Defendants did not seek, and failed to obtain, P&P's consent or
20  authorization to utilize, manufacture, reproduce, copy, display, prepare derivative
21  works, distribute, sell, transfer, rent, perform, and/or market P&P's copyright-
22  protected materials in the P&P Imports 2016 Lookbook.

23  40. Without permission, Defendants intentionally and knowingly
24  reproduced, counterfeited, copied, displayed, altered, and/or manufactured P&P's
25  protected work by offering, advertising, promoting, retailing, selling, and distributing
26  P&P's copyrighted image to sell Defendants' CHAMPION LADDER BALL and
27  CHAMPION LADDER BALL PRO.

41. Defendants' acts as alleged herein, constitute infringement of P&P's copyright, including P&P's exclusive rights to reproduce, distribute and/or sell such protected material.

42. Defendants' knowing and intentional copyright infringement as alleged herein has caused, and will continue to cause, damage to P&P. P&P is therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
### Trade Dress Infringement and False Designation of Origin
### (Lanham Act § 43(a))

43. P&P incorporates by reference the allegations contained in paragraphs 1 through 42, inclusive, of this Complaint as if fully set forth herein.

44. By reason of Defendants' acts complained of herein concerning the CHAMPION LADDER BALL and CHAMPION LADDER BALL PRO, Defendants, and each of them, have intentionally engaged in conduct that constitutes false advertising, a false designation of origin, a false or misleading description of fact, a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between P&P's and Defendants' goods, and infringement of P&P's trade dress rights in violation of 15 U.S.C. § 1125(a). P&P believes that customers are likely to be confused by Defendants' use of such false designations of origin, false descriptions or representations regarding P&P's and Defendants' goods, and by Defendants' confusingly similar trade dress.

45. In addition, Defendants' trade dress infringement, coupled with their false designations of origin, false descriptions, and misrepresentations, including in advertising, regarding P&P's and Defendants' goods, is likely to confuse ladder toss purchasers into thinking that P&P is the source of Defendants' CHAMPION LADDER BALL or CHAMPION LADDER BALL PRO, that P&P has sponsored those goods, that those goods are in some manner affiliated with P&P, or that those

goods are the same as P&P's CLASSIC LADDER TOSS or P&P's CLASSIC LADDER TOSS, respectively.

46. Because of Defendants' conduct, P&P has been irreparably harmed in its business. Moreover, P&P will continue to suffer irreparable harm unless Defendants are restrained from infringing P&P's trade dress and making false designations of origin, false descriptions, or misrepresentations regarding P&P's and Defendants' goods.

## THIRD CLAIM FOR RELIEF
### Unfair Competition
### (Cal. Bus. & Prof. Code § 17200 et seq.)

47. P&P incorporates by reference the allegations contained in paragraphs 1 through 46, inclusive, of this Complaint as if fully set forth herein.

48. Defendants' actions described herein, specifically copying of P&P's advertising photos and trade dress, to sell its own products, constitutes unlawful, unfair and/or fraudulent business acts or practices. Defendants' actions thus constitute "unfair competition" pursuant to California Business and Professions Code Section 17200.

49. As a result of Defendants' actions, P&P has suffered injury, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its common law copyright and trade dress rights.

50. Defendants' actions have caused, and will continue to cause, P&P to suffer irreparable harm unless enjoined by this Court pursuant to California Business and Professions Code Section 17203. In addition, P&P requests that the Court order that Defendants disgorge all profits wrongfully obtained because of Defendants' unfair competition, and order that Defendants pay restitution to P&P in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
**Unfair Competition**
**(California Common Law)**

51. P&P incorporates by reference the allegations contained in paragraphs 1 through 50, inclusive, of this Complaint as if fully set forth herein.

52. By reason of the acts complained of herein, Defendants have unfairly competed with P&P in violation of the common law of the State of California.

53. Because of this unfair competition, P&P has been irreparably harmed in its business.

54. P&P is informed and believes, and based thereon alleges, that Defendants' acts have been done oppressively, fraudulently, and maliciously and with the intent to trade upon the goodwill of P&P and to injure P&P.

55. P&P is informed and believes, and based thereon alleges, that Defendants will continue the acts of unfair competition described above to the irreparable injury of P&P and the public unless restrained and enjoined.

**REQUEST FOR RELIEF**

WHEREFORE, P&P hereby requests the following relief against Defendants, and each of them, as follows:

1. That Defendants, and all Defendants' agents, servants, employees, and attorneys, and all other persons in active concert or participation with Defendant who received actual notice of the injunction, be temporally, preliminarily, and permanently enjoined from:

    a. advertising, promoting, marketing, offering for sale, selling, or otherwise disposing of the CHAMPION LADDER BALL and/or CHAMPION LADDER BALL PRO;

    b. using a trade dress confusingly similar to the trade dress of P&P's PREMIUM LADDER TOSS or P&P's CLASSIC LADDER TOSS in connection with the advertising, promotion, marketing, sale, or the disposal of Defendants' products or making any

    designations of origin, description, or representations that P&P is the source of Defendants' imitation CHAMPION LADDER BALL and/or CHAMPION LADDER BALL PRO, that P&P has sponsored Defendants' imitation CHAMPION LADDER BALL and/or CHAMPION LADDER BALL PRO, that Defendants' imitation CHAMPION LADDER BALL and/or CHAMPION LADDER BALL PRO is in some manner affiliated with P&P, or that Defendants' imitation CHAMPION LADDER BALL and/or CHAMPION LADDER BALL PRO is the same as P&P's PREMIUM LADDER TOSS or P&P's CLASSIC LADDER TOSS;

  c. using P&P's copyrighted works; and

  d. otherwise deceptively or unfairly competing with P&P in the sales Ladder Toss products.

2. That P&P be awarded damages in an amount to be determined at trial based on Defendants':

  a. infringement of P&P's distinctive trade dress in the overall appearance of P&P's CLASSIC LADDER TOSS and P&P's PREMIUM LADDER TOSS;

  b. infringement of P&P's copyright in P&P Imports 2016 Lookbook;

  c. false designations of origin, descriptions and representations regarding the CHAMPION LADDER BALL and CHAMPION LADDER BALL PRO; and

  d. acts of unfair competition against P&P.

3. For restitution in an amount to be proven at trial for unfair and illegal business practices under Business & Professions Code §§ 17200 and 17500.

4. That P&P be awarded under 15 U.S.C. § 1117(a) the total profits received by Defendants from, and any damages sustained by P&P as a result of,

Defendants' sales of all products infringing P&P's PREMIUM LADDER TOSS TRADE DRESS and/or P&P's CLASSIC LADDER TOSS TRADE DRESS;

  5. That P&P be awarded under 15 U.S.C. § 1117(b) enhanced damages up to three times the amount found as actual damages for Defendants' trade dress infringement and false designations of origin, descriptions and representations, an in an amount to be determined at trial;

  6. That P&P be awarded under 15 U.S.C. § 1117(b) enhanced damages up to three times the amount found as actual damages for Defendants' willful copyright infringement, or in the alternative statutory damages under 17 U.S.C. § 504 of $150,000 per infringement;

  7. That P&P be awarded punitive damages for Defendants' oppressive, fraudulent, and malicious acts of unfair competition;

  8. That Defendant's be ordered to deliver to P&P for destruction all products, labels, signs, prints, packages, wrappers, and advertising that use P&P's copyright in P&P Imports 2016 Lookbook and/or trade dress confusingly similar to P&P's PREMIUM LADDER TOSS TRADE DRESS and/or P&P's CLASSIC LADDER TOSS TRADE DRESS, or that result in any unfair competition by Defendants against P&P;

  9. That Defendants be ordered to make a written report within a reasonable period, to be filed with the Court, accounting the manner of their compliance with the requested injunctive and mandatory relief above;

  10. That P&P be awarded its reasonable attorneys fees and costs of suit;

  11. That P&P be awarded such other and further relief as the Court may deem just and equitable.

# **DEMAND FOR JURY TRIAL**

Plaintiff P&P Imports LLC respectfully demands a trial by jury in this action.

DATED: May 7, 2019

/s/ *Casey H. Kempner*
Casey H Kempner
Attorney for Plaintiff
P&P Imports LLC