Casey H. Kempner, SBN 272149
P&P Imports LLC
3233 W. Castor St.
Santa Ana, California 92704
ckempner@pandpimports.com
650-488-8270

Attorney for Plaintiff
P&P Imports LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| P&P IMPORTS LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>OJCOMMERCE, LLC a Delaware limited liability company; OJCOMMERCE.COM, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>　　　　　Defendants | Case No.: 8:19-cv-00898<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**:<br><br>1) **Trademark Infringement (15 U.S.C. 1114);**<br>2) **Copyright Infringement (17 U.S.C. §§ 101 et seq.);**<br>3) **Trade Dress Infringement (15 U.S.C. § 1125(a));**<br>4) **Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 et seq.);**<br>5) **California Common Law Unfair Competition**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff P&P Imports LLC ("P&P" or "Plaintiff"), by and through its counsel, alleges for its Complaint against OJCOMMERCE, LLC a Delaware limited liability company; OJCOMMERCE.COM, INC., a Delaware corporation, and Does 1-10 (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the suit arises under the copyright, trademark, trade dress, and unfair competition laws of the United States, including 17 U.S.C. §§ 1 *et seq*. and 15 U.S.C. §§ 1114 and 1125. This court has supplemental jurisdiction of the California State causes of action under 28 U.S.C. §1367.

2. P&P is informed and believes, and based thereon alleges, that Defendants transact and solicit business in the Central District of California, and are thus subject to personal jurisdiction here.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1)-(2) and otherwise because a substantial part of the events or omissions giving rise to the claims for copyright, trademark, trade dress, unfair competition, and related state claims occurred in this district.

4. P&P is informed and believes, and based thereon alleges, that Defendants have advertised, sold, and distributed the products subject to this Complaint in this judicial district, and engaged in the wrongful acts alleged herein in this judicial district.

## THE PARTIES

5. Plaintiff, P&P Imports LLC is a California limited liability company, with its principal place of business at 3233 W. Castor Street, Santa Ana, California 92704.

6. Upon information and belief, Defendant OJCOMMERCE, LLC is a Florida foreign limited liability company registered in Delaware as a limited liability company, and its principal place of business at 11651 Interchange Circle South,

Miramar, FL 33025. Its agent for service of process's address in the Delaware Secretary of State's corporate records is listed as 1013 Centre Road, Suite 403-B, Wilmington, DE 19805. Its agent for service of process's address in the Florida Secretary of State's corporate records is listed as 11651 Interchange Circle South, Miramar, FL 33025.

7. Upon information and belief, Defendant OJCOMMERCE.COM, INC., is a Florida foreign profit corporation, incorporated in Delaware, with its principal place of business at 11651 Interchange Circle South, Miramar, FL 33025. Its agent for service of process's address in the Delaware Secretary of State's corporate records is listed as 1013 Centre Road, Suite 403-B, Wilmington, DE 19805. Its agent for service of process's address in the Florida Secretary of State's corporate records is listed as 11651 Interchange Circle South, Miramar, FL 33025.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff. DOES 1-10 may be entities of Defendant or third-party sellers selling infringing products including the Washer Toss Game sold by Defendants (or "Infringing Washer Toss").

9. When the true names and capacities of DOES 1-10 has been ascertained, Plaintiff will amend this pleading accordingly.

10. Plaintiff alleges, upon information and belief, that at all times mentioned herein, each Defendant, and Does 1-10, inclusive, and each of them, were the agents, servants and/or employees of every other Defendant, and the acts of each Defendant as alleged herein, were performed within the course and scope of that agency, service, or employment.

**GENERAL ALLEGATIONS**

11. Plaintiff P&P is a leading designer and distributor of unique, creative, and proprietary games and sporting goods under its GoSports® brand, and other consumer products under its GoFloats® and GoPong® brands. P&P has been in

business since 2007. P&P extensively advertises and promotes its products in most major retail venues including Amazon, Walmart, and Target as well as several other Internet and brick and mortar retailers. P&P's product lines are sold across the United States and in other countries such as Canada, Mexico, Australia, and the United Kingdom.

12. P&P is a company that started from very humble beginnings by two young entrepreneurs, Peter Engler and Peter Tanoury, who met at the University of Colorado at Boulder. Peter and Peter shared an entrepreneurial spirit and formed P&P and with their own capital following their graduation in 2007. P&P started with a single product in 2007 and has grown rapidly, creating nearly 350 products to date. Its innovative consumer products have gained significant recognition in the industry and P&P has been named one of the OC Business Journal's fastest growing private companies four years in a row, and is on the Inc. 5000 list of America's Fastest Growing Private Companies. P&P is presently located in Santa Ana, California and employees over 20 hard-working men and women in its Orange County headquarters.

13. P&P markets its products under three brands: GoSports®, GoFloats®, and GoPong®; all of which are trademarked in the United States Patent and Trademark Office[1]. P&P has vigorously worked to protect its products and intellectual property through the use of trademarks, copyrights, patents, and distinctive trade dresses.

14. One such product under the GoSports® brand is P&P's PREMIUM WASHER TOSS GAME SET ("P&P's Washer Toss"), which is used to play the game commonly referred to as Washer Toss. Images of P&P's Washer Toss are shown below[2]:

---

[1] Trademark registration numbers: GOPONG (Reg. No. 4,734,885); GOFLOATS (Reg. No. 5,119,406); GOSPORTS (Reg. No. 4,802,471), attached as Exhibit F.

[2] Images are sourced from Exhibit A [A compilation of images of P&P's PREMIUM WASHER TOSS GAME SET that are included in P&P Imports 2016 Lookbook and its respective Registration Certificate].

 

15. On August 15, 2016 P&P was issued US Copyright Registration Number VA 2-013-842 entitled "P&P Imports 2016 Lookbook" which included the above images, among others, of P&P's Washer Toss. *See* Exhibit A [P&P Imports 2016 Lookbook]. A true and correct copy of the copyright registration certificate for P&P Imports 2016 Lookbook is attached as page 1 of Exhibit A.

16. Upon information and belief, Defendants sell the Infringing Washer Toss on an internet retail store owned and operated by Defendants using P&P's copyrighted images and P&P's registered GoSports® trademark as shown below[3]:



---

[3] Attached hereto as Exhibit B is a compilation of screen captures from a sales listing by Defendants at https://www.ojcommerce.com captured on April 4, 2019.

Defendants, however, do not sell and ship a genuine P&P product, but rather a product made by BSN SPORTS, INC. dba US GAMES as shown below[4]:



Thus, Defendants have unfairly infringed the copyrights, trademarks, and trade dress of P&P's Washer Toss to market and sell the Infringing Washer Toss. The Infringing Washer Toss shipped by Defendants appears to be a lower quality product made by BSN SPORTS, INC. dba US GAMES as shown above.

17. Upon information and belief, Defendants also sell the Infringing Washer Toss using P&P's copyrighted images and P&P's registered GoSports® trademark at other retail locations, such as Amazon.com as shown below[5]:



---

[4] Attached hereto as Exhibit C is a compilation of pictures showing a product received from Defendants as a result of a purchase from the sales listing shown in Exhibit B.
[5] Attached hereto as Exhibit D is a compilation of screen captures from a sales listing by Defendants at https://www.Amazon.com.

- 6 -

FIRST AMENDED COMPLAINT

The Infringing Washer Toss shipped by Defendants under its their sales listing on Amazon.com shown in Exhibit C using the GoSports® trademark and copyrighted imaged from the P&P 2016 Lookbook also appears to be a lower quality product made by BSN SPORTS, INC. dba US GAMES, and is shown below:[6]



Upon information and believe Defendants market and sell the Infringing Washer Toss in the United States, including to California residents in this judicial district by and through at least the retail locations: ojcommerce.com and amazon.com. Upon information and belief, Defendants offer for sale the Infringing Washer Toss at other retail locations using P&P's registered GoSports® trademark and using copyrighted images of P&P's that are registered in P&P Imports 2016 Lookbook.

18. Upon information and belief, beginning at least by early 2019, Defendants began to use, without authority, permission, or license, images from the P&P Imports 2016 Lookbook. More specifically, Defendants unlawfully used several copyrighted works to market and sell their Infringing Washer Toss. *See* Exhibits A, B and D.

19. The overall appearance of P&P's Washer Toss is inherently distinctive and nonfunctional. The unique and distinctive appearance of the GOSPORTS® game

---

[6] Attached hereto as Exhibit E is a compilation of pictures showing a product received from Defendants as a result of a purchase from the sales listing shown in Exhibit D.

results from a combination of individual features, including, but not limited to the unique wood box frame, dark grey material bottom lining, white plastic center target, and blue and red colored washers.

20. Through P&P's promotional and advertising efforts, the overall appearance of P&P's Washer Toss has become widely known and recognized, and the trade dress of P&P's Washer Toss has acquired secondary meaning and is associated with a particular source, namely P&P and the GoSports® brand.

21. P&P has continuously used the current overall appearance of P&P's Washer Toss in connection with the promotion, advertising, and sales since well before the acts complained of herein.

22. Defendants are offering for sale, advertising, and selling imitations of P&P's Washer Toss by marketing the Infringing Washer Toss using P&P's intellectual property copyrighted in P&P Imports 2016 Lookbook, and using P&P's registered GoSports® trademark and then Defendants are delivering imitation products (not GoSports) to consumers. *See* Exhibits B, C, D and E (showing that products purchased though sales listing by Defendants using images copyrighted in the P&P Imports 2016 Lookbook and using P&P's registered GoSports® trademark are not GoSports products). Thus, P&P is informed and believes, and based thereon alleges, that Defendants caused these imitation products to enter into interstate commerce in this district.

23. The overall appearance of the Infringing Washer Toss sold by Defendants is virtually identical to the overall appearance of P&P's Washer Toss.

24. The Infringing Washer Toss strongly resembles a genuine GoSports® branded P&P's Washer Toss and is likely to confuse consumers as to the affiliation, connection, or association of Infringing Washer Toss sold by Defendants or as to the origin, sponsorship, or approval of the Infringing Washer Toss.

25. The presence of the Infringing Washer Toss in the marketplace and in advertising injures and damages the value of the trade dress for P&P's Washer Toss

and its GoSports® brand. Upon information and belief, consumers are likely to receive the Infringing Washer Toss and believe it is a genuine P&P's Washer Toss. Upon information and belief, consumers dissatisfied with the quality of the Infringing Washer Toss are likely to attribute its poor quality to P&P and the GoSports® brand based on Defendants infringement, thereby causing lost sales, lost secondary sales, harm to P&P's brand and reputation, and other damages.

26. P&P is informed and believes, and based thereon alleges, that Defendants have offered for sale, advertised, and sold the Infringing Washer Toss with the intent to benefit from P&P's goodwill and reputation in the washer toss market, to deceive the public as to the source or origin of Defendants' Infringing Washer Toss, and to profit from the demand created by P&P, its GoSports® brand, and P&P's Washer Toss.

27. P&P is informed and believes, and based thereon alleges, that Defendants have used in connection with sales and/or offers for sale of the Infringing Washer Toss false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the origin of the Infringing Washer Toss with the intent to benefit from P&P's goodwill and reputation in the washer toss market, to deceive the public as to the origin of Defendants' imitation products, and to profit from the demand created by P&P, its GoSports® brand, and P&P's Washer Toss.

**FIRST CLAIM FOR RELIEF**
**Infringement of Registered Trademark**
**(Lanham Act 17 U.S.C. §§ 1114)**

28. P&P incorporates by reference all of the allegations of paragraphs 1 through 27, inclusive.

29. The GoSports® trademark is inherently distinctive and has acquired secondary meaning among consumers of outdoor games, including in the washer toss marketplace. Purchasers associate the GoSports® trademark with only GoSports® products. This is a result of the mark's inherent distinctiveness, and of extensive

1  advertising and sales throughout the United States and internationally of P&P
2  products bearing the GoSports® trademark.

3      30.    By committing the acts alleged herein, Defendants, and each of them,
4  have intentionally, knowingly, and willfully infringed the GoSports® trademark.

5      31.    Because Defendants' infringement, P&P has been irreparably harmed in
6  its business. Moreover, P&P will continue to suffer irreparable harm unless
7  Defendants are restrained from infringing the GoSports® trademark.

**SECOND CLAIM FOR RELIEF**
**Federal Copyright Infringement**
**(17 U.S.C. §§ 101 et seq.)**

11      32.    P&P incorporates by reference all of the allegations of paragraphs 1
12  through 31, inclusive.

13      33.    P&P is the exclusive owner of US Copyright Registration Number VA
14  2-013-842 entitled "P&P Imports 2016 Lookbook," which includes its branded
15  products, product packaging, designs, and advertising images.

16      34.    Defendants did not seek, and failed to obtain, P&P's consent or
17  authorization to utilize, manufacture, reproduce, copy, display, prepare derivative
18  works, distribute, sell, transfer, rent, perform, and/or market P&P's copyright-
19  protected materials.

20      35.    Without permission, Defendants intentionally and knowingly
21  reproduced, counterfeited, copied, displayed, altered, and/or manufactured P&P's
22  protected work by offering, advertising, promoting, retailing, selling, and distributing
23  P&P's copyrighted images to sell Defendants' Infringing Washer Toss.

24      36.    Defendants' acts as alleged herein, constitute infringement of P&P's
25  copyright, including P&P's exclusive rights to reproduce, distribute and/or sell such
26  protected material.

27      37.    Defendants' knowing and intentional copyright infringement as alleged
28  herein has caused, and will continue to cause, damage to P&P. P&P is therefore

entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

### THIRD CLAIM FOR RELIEF
### Trade Dress Infringement and False Designation of Origin
### (Lanham Act § 43(a))

38. P&P incorporates by reference the allegations contained in paragraphs 1 through 37, inclusive, of this Complaint as if fully set forth herein.

39. By reason of Defendants' acts complained of herein concerning the Infringing Washer Toss, Defendants, and each of them, have intentionally engaged in conduct that constitutes false advertising, a false designation of origin, a false or misleading description of fact, a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between P&P's and Defendants' goods in violation of 15 U.S.C. § 1125(a). P&P believes that customers are likely to be confused by Defendants' use of such false designations of origin, false descriptions or representations regarding P&P's and Defendants' goods, and by Defendants' confusingly similar trade dress.

40. In addition, Defendants' trade dress infringement, coupled with their false designations of origin, false descriptions, and misrepresentations, including in advertising, regarding P&P's and Defendants' goods, is likely to confuse washer toss purchasers into thinking that P&P is the source of Defendants', Infringing Washer Toss, that P&P has sponsored those goods, that those goods are in some manner affiliated with P&P, or that those goods are the same as P&P's Washer Toss.

41. Because of Defendants' conduct, P&P has been irreparably harmed in its business. Moreover, P&P will continue to suffer irreparable harm unless Defendants are restrained from infringing P&P's trade dress and making false designations of origin, false descriptions, or misrepresentations regarding P&P's and Defendants' goods.

## FOURTH CLAIM FOR RELIEF
### Unfair Competition
### (Cal. Bus. & Prof. Code § 17200 et seq.)

42. P&P incorporates by reference the allegations contained in paragraphs 1 through 41, inclusive, of this Complaint as if fully set forth herein.

43. Defendants' actions described herein, specifically copying P&P's copyrighted works, registered GoSports® trademark, and the Washer Toss Trade Dress, to sell its own products, constitutes unlawful, unfair and/or fraudulent business acts or practices. Defendants' actions thus constitute "unfair competition" pursuant to California Business and Professions Code Section 17200.

44. As a result of Defendants' actions, P&P has suffered injury, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its copyright, trademark, and/or trade dress rights.

45. Defendants' actions have caused, and will continue to cause, P&P to suffer irreparable harm unless enjoined by this Court pursuant to California Business and Professions Code Section 17203. In addition, P&P requests that the Court order that Defendants disgorge all profits wrongfully obtained because of Defendants' unfair competition, and order that Defendants pay restitution to P&P in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### Unfair Competition
### (California Common Law)

46. P&P incorporates by reference the allegations contained in paragraphs 1 through 45, inclusive, of this Complaint as if fully set forth herein.

47. By reason of the acts complained of herein, Defendants have unfairly competed with P&P in violation of the common law of the State of California.

48. Because of this unfair competition, P&P has been irreparably harmed in its business.

49. P&P is informed and believes, and based thereon alleges, that Defendants' acts have been done oppressively, fraudulently, and maliciously and with the intent to trade upon the goodwill of P&P and to injure P&P.

50. P&P is informed and believes, and based thereon alleges, that Defendants will continue the acts of unfair competition described above to the irreparable injury of P&P and the public unless restrained and enjoined.

## REQUEST FOR RELIEF

WHEREFORE, P&P hereby requests the following relief against Defendants, and each of them, as follows:

1. That Defendants, and all Defendants' agents, servants, employees, and attorneys, and all other persons in active concert or participation with Defendant who received actual notice of the injunction, be temporally, preliminarily, and permanently enjoined from:

    a. advertising, promoting, marketing, offering for sale, selling, or otherwise disposing of the OJCOMMERCE BSN Sports Bulls-Eye Washers Game;

    b. using P&P's copyrighted works in the P&P 2016 Lookbook;

    c. infringing P&P's GoSports® trademark;

    d. using a trade dress confusingly similar to the trade dress of P&P's P&P's Washer Toss in connection with the advertising, promotion, marketing, sale, or the disposal of Defendants' products or making any designations of origin, description, or representations that P&P is the source of Defendants' imitation Infringing Washer Toss, that Defendants' imitation Infringing Washer Toss is in some manner affiliated with P&P, or that Defendants' imitation Infringing Washer Toss is the same as P&P's GOSPORTS® branded games; and

FIRST AMENDED COMPLAINT

   e. otherwise deceptively or unfairly competing with P&P in the sales of washer toss products.

2. That P&P be awarded damages in an amount to be determined at trial based on Defendants':

   a. infringement of P&P's copyright under 17 U.S.C. § 501(a), or in the alternative, statutory damages under 17 U.S.C. § 504;

   b. infringement of P&P's GoSports® trademark;

   c. infringement of P&P's distinctive trade dress in the overall appearance of the P&P Washer Toss;

   d. false designations of origin, descriptions and representations regarding the Infringing Washer Toss; and

   e. acts of unfair competition against P&P;

3. For restitution in an amount to be proven at trial for unfair and illegal business practices under Business & Professions Code §§ 17200 and 17500.

4. That P&P be awarded under 15 U.S.C. § 1117(a) the total profits received by Defendants from, and any damages sustained by P&P as a result of, Defendants' sales of all products infringing the trade dress in the overall appearance of the P&P Washer Toss.

5. That P&P be awarded under 15 U.S.C. § 1117(a) enhanced damages up to three times the account found as actual damages for the infringements complained of herein, an in an amount to be determined at trial;

6. That P&P be awarded punitive damages for Defendants' oppressive, fraudulent, and malicious acts of unfair competition;

7. That Defendant's be ordered to deliver to P&P for destruction all products, labels, signs, prints, packages, wrappers, and advertising that bear trade dress confusingly similar the P&P Washer Toss Trade Dress, that include P&P's copyrighted works, that include P&P's GoSports® trademark, or that result in any unfair competition by Defendants against P&P;

1         8.    That Defendants be ordered to make a written report within a reasonable period, to be filed with the Court, accounting the manner of their compliance with the requested injunctive and mandatory relief above;

        9.    That P&P be awarded its reasonable attorneys fees and costs of suit;

        10.    That P&P be awarded such other and further relief as the Court may deem just and equitable.

- 15 -

FIRST AMENDED COMPLAINT

# **DEMAND FOR JURY TRIAL**

Plaintiff P&P Imports LLC respectfully demands a trial by jury in this action.

DATED: May 14, 2019

/s/ *Casey H. Kempner*
Casey H Kempner
Attorney for Plaintiff
P&P Imports LLC