Shlomo Y Hecht, PHV (FL Bar # 127144)
sam@hechtlawpa.com
Shlomo Y Hecht, PA
11651 Interchange Cir S
Miramar, FL 33025
T: 954-861-0025
Lead counsel

Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
LT Pacific Law Group LLP
17800 Castleton Street, #560
City of Industry, CA 91748
(626) 810-7200 phone
(626) 810-7300 fax
Designated local counsel

Attorneys for Defendants OJ COMMERCE, LLC and OJCOMMERCE.COM, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P AND P IMPORTS LLC<br><br>Plaintiff,<br><br>v.<br><br>OJCOMMERCE, LLC, et al.,<br><br>Defendants. | Case No. 8:19-cv-00898-AG-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR ALTERNATIVELY TO TRANSFER**<br><br>**Hearing Date:** Aug 12, 2019<br>**Time:** 10:00 AM<br>**Judge:** Hon. Andrew J. Guilford<br>**Courtroom:** 10D |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................3

MEMORANDUM OF LAW .................................................................5

I.   Introduction ..............................................................................5

II.  Factual and Procedural History ....................................................5

III. Arguments ...............................................................................6

   A.  This Court lacks personal jurisdiction over Defendants ...........................7

      1.  Defendants are not subject to general jurisdiction within California .......7

      2.  Defendants are not subject to specific jurisdiction within California.......8

         a)  Defendants did not expressly aim at California...................................9

         b)  Plaintiff fails to allege sufficient contact with California to satisfy the "express aiming" prong. ..................................................................9

         c)  Defendants controvert the bare allegations of the complaint ..............12

         d)  This court may not consider Plaintiff's own transactions to establish personal jurisdiction over Defendants......................................................13

      3.  The exercise of personal jurisdiction over Defendants does not comport with traditional notions of fair play and substantial justice...........................14

   B.  Venue is not proper in the Central District of California............................17

   C.  Venue should be transferred to the Southern District of Florida ...............18

   D.  The complaint is comprised of typical shotgun pleadings.........................19

   E.  Count IV and V must be dismissed because its preempted by Federal Copyright Act and the Lanham Trademark Act. ...............................................20

   F.  Count V must be dismissed for failure to comply with Rule 9(b). .............22

IV.  Conclusion ...............................................................................23

# TABLE OF AUTHORITIES

**Cases**

*Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, 15-CV-02991-JST, 2015 WL 5834135 (N.D. Cal. Oct. 7, 2015) .................................................. 9, 10, 11, 12

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) ........................................ 7, 11

*Brand v. Menlove Dodge*, 796 F.2d 1070 (9th Cir. 1986) ...................................... 16

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010). ....... 9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ......................................... 14

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482 (9th Cir. 1993) ........................ 16

*Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) ......................................... 19

*Erickson v. Nebraska Mach. Co.*, 15-CV-01147-JD, 2015 WL 4089849 (N.D. Cal. July 6, 2015) ..................................................................................................... 9, 10

*Exobox Techs. Corp. v. Tsambis*,3 No. 2:14-cv-00501, 2015 WL 82886 (D. Nev. Jan. 6, 2015). ............................................................................................................ 12

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282 (D. Ariz. 2009) ................................................................................................................... 17

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ................ 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) ................................................................................. 7

*Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266 (9th Cir. 1981) .............. 15

*Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir.1998) ............................. 21

*Menken v. Emm*, 503 F.3d 1050 (9th Cir. 2007). .................................................. 15

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) ................................... 13

*Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083 (N.D. Cal. 2008) ......... 21

*Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015) ..................................................... 9

*Puri v. Khals*a, 674 Fed. Appx. 679 (9th Cir. 2017) .............................................. 23

*Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015) ................................................ 8

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004). ........... 7, 8

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Shute v. Carnival Cruises Lines*, 897 F.2d 377 (9th Cir. 1990) ...............................13

*Sollberger v. Wachovia Sec., LLC*, No. SACV 09–0766 AG (Anx), 2010 WL 2674456 (C.D. Cal. June 30, 2010)..................................................................19

*Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434 (9th Cir.1993) ..............................................................................................21

*Sykes Lab., Inc. v. Kalvin*, 610 F.Supp. 849 (C.D.Cal.1985) ...................................17

*Under a Foot Plant, Co. v. Exterior Design, Inc.*, 2 No. 6:14-cv-01371-AA, 2015 WL 1401697 (D. Or. Mar. 24, 2015) .........................................................9

*United Aeronautical Corp. v. HB Corp.*, CV1604017BRORAOX, 2017 WL 3081682 (C.D. Cal. Feb. 3, 2017).................................................................13, 15

*United Truck & Equipment, Inc. v. Curry Supply Co., No.* CV08–01046–PHX–GMS, 2008 WL 4811368 (D.Ariz. Nov. 5, 2008)...............................................17

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) .............................................................18

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)...............................22

*Walden v. Fiore*, 571 U.S. 277 (2014)..........................................................................9

*Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668 (9th Cir. 2012) ......9

**Statutes**

28 U.S.C. § 1391(b)(2) .............................................................................................14

28 U.S.C. § 1404(a) ...........................................................................................2, 3, 15

Cal. Bus. & Prof. Code § 17200 et seq...............................................................17, 18

**Rules**

Fed. R. Civ. P 12(b)(2)...............................................................................................4

Fed. R. Civ. P. 9(b) .............................................................................................19, 20

## MEMORANDUM OF LAW

### I.  Introduction

Defendants OJ COMMERCE, LLC ("OJC") and OJCOMMERCE.COM, INC. ("OJC.COM") (collectively "Defendants"), move this Court to dismiss the complaint filed against them by Plaintiff P AND P IMPORTS LLC, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), or alternatively for this case to be transferred to the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a).

### II.  Factual and Procedural History

1.  On May 13, 2019, Plaintiff initiated this action, and on May 14, filed its first amended complaint, against Defendants for (1) trademark violations, (2) copyright violations, (3) trade dress violations, (4) California statutory unfair competition, and (5) California common law unfair competition. [D.E. 9].

2.  The complaint alleges Defendants infringed on Plaintiff's intellectual property, and misrepresented a Washer Toss (the "Product"), by using its trademark, images, and offered for sale on Defendants website www.ojcommerce.com, [Id. at 5 ¶ 16], and amazon.com. [Id. at 6 ¶ 17].

3.  The complaint seeks damages against OJC, OJC.COM, and 10 other unnamed defendants pseudo named Does 1-10, [Id. at 3 ¶¶ 6-8], by broadly and generally alleging that all defendants were acting within the scope of agents of each other, without attributing specific actions to specific actors. [Id. at 3 ¶ 10].

4.  Plaintiff alleges this Court has personal jurisdiction over Defendants because it "transact[s] and solicit[s] business" within the State of California, [Id. at 2 ¶ 2], "advertised, sold, and distributed the [P]roduct" in California. Plaintiff alleges proper venue in this district, because "a substantial part of the events or omissions giving rise to the claims" occurred within this district. [Id. at 2 ¶ 3].

5.  In support of the complaint, Plaintiff attaches two orders Plaintiff preportadly purchased from Defendant, one through its website ojcommerce.com, [Id. at 6 n.4],  and one purchased on amazon.com. [Id. at 7 n.6].

6.  In support of this motion, Defendants attach an affidavit of Jacob Weiss, an officer and authorized agent of Defendant OJC. [Weiss Aff.].

## III.   Arguments

Plaintiff's complaint fails to allege proper jurisdiction and venue, and fails to plausibly allege valid causes of action.  Accordingly, Defendants request that:

a.  This case be dismissed because this California Court lacks personal jurisdiction over the Defendants.

b.  Alternatively, this case be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a), due to improper venue.

c.  The case be dismissed because Plaintiff's complaint is a classic shotgun pleading that violates Rule 8.

d. Plaintiff's State based causes of action be dismissed because they are preempted by Federal law.

e. Plaintiff's allegation of fraud be dismissed for failure to plead with particularity and violates Rule 9(b).

**A. This Court lacks personal jurisdiction over Defendants**

Defendants are non-resident of California, and challenge personal jurisdiction pursuant to Fed. R. Civ. P 12(b)(2).   When personal jurisdiction is challenged, Plaintiff bears the burden to establish that personal jurisdiction exists. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).   The question for this Court is to decide whether Defendants had minimum contact with California, and whether exercising personal jurisdiction over Defendants would offend traditional notions of fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

**1.  Defendants are not subject to general jurisdiction within California**

A defendant may be subjected to general jurisdiction within a state, when its actions in that state are substantial, continuous and systematic, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).   General jurisdiction only applies when a defendant's actions "are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919

(2011). "The paradigmatic locations where general jurisdiction is appropriate over a corporation are its *place of incorporation* and its *principal place of business*." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (emphasis added).

Here, the complaint does not allege sufficient facts to show continuous and systematic activity within California to subject Defendants to general jurisdiction. Most importantly, the complaint neither alleges Defendants are incorporated in California, nor Defendants principal place of business are in California. To the contrary, Plaintiff acknowledges that Defendants are foreign corporations with a principal place of business in Florida. [D.E. 9 at 3 ¶¶ 6-7]. Therefore, this Court cannot exercise general jurisdiction over Defendants.

### 2. Defendants are not subject to specific jurisdiction within California

This Circuit has established the following three prong test to determine whether a defendant is subject to specific jurisdiction in California:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

To satisfy the first prong of the *Schwarzenegger* test in a tort case, courts further use a "purposeful direction" analysis applying the following three prong test:

> the defendant allegedly must have: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).

### a) Defendants did not expressly aim at California

To satisfy the *Brayton* "express aiming" prong, the action "must arise out of contacts that the 'defendant himself' creates with the forum State," and the court cannot rely on contact between the plaintiff and the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).[1]

Here, the mere fact that Plaintiff is a California resident, is not sufficient to establish personal jurisdiction over Defendants, *even if Defendants intended to cause harm to Plaintiff*.  But rather the Court must find Defendants' tortious actions themselves were purposely aimed within the State of California.

### b) Plaintiff fails to allege sufficient contact with California to satisfy the "express aiming" prong.

---

[1] Although *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012) suggests that "wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state" is sufficient to satisfy the express aiming prong.  Courts across this circuit repeatedly found that *Washington Shoe* was explicitly overruled by *Walden*. *See Erickson v. Nebraska Mach. Co.*, 15-CV-01147-JD, 2015 WL 4089849, at *3 (N.D. Cal. July 6, 2015); *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015); *Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, 15-CV-02991-JST, 2015 WL 5834135, at *4 (N.D. Cal. Oct. 7, 2015); *Under a Foot Plant, Co. v. Exterior Design, Inc.*, 2 No. 6:14-cv-01371-AA, 2015 WL 1401697, at *4 n.1 (D. Or. Mar. 24, 2015).

9

Plaintiff attempts to establish personal jurisdiction, based on an allegation of (1) *willful* infringement on its trademark, [D.E. 9 at 10 ¶ 30]; (2) use of Plaintiff's *copyright* images and trademark on the *internet*, [Id. at 7 ¶ 17-18]; (3) *marketing* and *selling* of the allegedly infringed product to California residents, [Id. at 7 ¶ 17]; and (4) *two sales transactions Plaintiff itself ordered* to be shipped in California [D.E. 9-3, 9-4, 9-5]. None of these activities are sufficient to establish personal jurisdiction over Defendants.

California courts have found that none of Plaintiff's allegations, even if taken as true, are sufficient to establish personal jurisdiction over Defendants. Willful infringement on a California resident's intellectual property is insufficient to establish personal jurisdiction. *Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, 15-CV-02991-JST, 2015 WL 5834135, at *3-4 (N.D. Cal. Oct. 7, 2015)("Adobe argues that personal jurisdiction exists under this prong, relying heavily on Washington Shoe for the proposition that an intentional act, such as willful copyright infringement [...] the Court rejects Adobe's argument that Cardinal expressly aimed its conduct at California because Cardinal was aware of Adobe's domicile in the Northern District of California"). Posting Plaintiff's intellectual property on Defendant's website is insufficient to establish personal jurisdiction. *Erickson v. Nebraska Mach. Co*., 15-CV-01147-JD, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) ("The mere act of copying Erickson's photographs and posting

them on NMC's website did not involve entering California, contacting anyone in California, or otherwise reaching out to California."). Marketing and selling to California residents through Defendant's website or Amazon.com is insufficient to establish personal jurisdiction. *Adobe*, 15-CV-02991-JST, 2015 WL 5834135, at * 4 ("Adobe argues that the express aiming prong is satisfied here because 1.2% of Cardinal's sales are shipped to California and because Cardinal advertises for sale and sells infringing software on its website and through its Amazon.com account").

Here, even if this Court were to take all of Plaintiff's allegations as true, the facts alleged are not sufficient to establish personal jurisdiction over Defendants, because Plaintiff fails to allege that Defendants sales to California were not "random, fortuitous, or attenuated" and merely because California "is where the purchaser happened to reside." *Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008). Therefore, Plaintiff failed to allege sufficient facts to satisfy the required elements in *Brayton,* and this Court lacks personal jurisdiction over Defendants.

This underlying allegations in this case are substantially similar to *Adobe,* where plaintiff alleged *intentional infringement*, *Adobe*, 15-CV-02991-JST, 2015 WL 5834135, at * 3 ("These alleged sales constitute "intentional acts" under Calder's effects test"), *knowledge* that harm will be caused to a California resident, *Id.* at * 5 ("Beyond its reliance on Adobe's presence in California and Cardinal's alleged knowledge thereof"), and Defendant *advertised* and *sold* to California residents through its *website* and *Amazon*, *Id.* ("Adobe argues that the express

aiming prong is satisfied here because 1.2% of Cardinal's sales are shipped to California and because Cardinal advertises for sale and sells infringing software on its website and through its Amazon.com account."). Yet, the *Adobe* court found it lacks personal jurisdiction over the defendant, because "Adobe does not allege that Cardinal's website contained content tailored for California residents.", and "Cardinal's website has a broad and indiscriminate scope", and even the "1.2% of Cardinal's sales shipped to California are likewise unhelpful to Adobe because they too show no purposeful direction. Random, fortuitous, or attenuated" becuase it "involved the forum state only because that is where the purchaser happened to reside." *Id.* (internal quotation omitted).

Therefore, like *Adobe,* this Court must find that even if all of Plaintiff's allegations are true, it fails to allege sufficient facts to establish personal jurisdiction over the Defendants.

### c) Defendants controvert the bare allegations of the complaint

Even if this Court were to disagree with *Adobe* and *Erickson*[2]*,* and find that *Washington Shoe* was not overruled, this Court must still find it has no personal jurisdiction over Defendants, because Defendants did not expressly aim its activities in California.

---

[2] See *Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, 15-CV-02991-JST, 2015 WL 5834135, at *4 (N.D. Cal. Oct. 7, 2015), recognizing that some courts still consider *Washington Shoe* to be good law, e.g. *Exobox Techs. Corp. v. Tsambis*,3 No. 2:14-cv-00501, 2015 WL 82886, at *5–6 (D. Nev. Jan. 6, 2015).

The rule is that "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants" a court may deny personal jurisdiction based on a defendant's denials. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006).  Here, Plaintiff does not submit any facts to support its allegation that Defendants acts were willful, or intentionally aimed at Plaintiff, nor does Plaintiff allege any facts to show that Defendants knew its actions will harm California residents.  To the contrary, Plaintiff's bare allegations are conflicted by Defendants' sworn affidavit explicitly denying that any acts were intentional, and Defendants lack of any knowledge that its actions would harm any California resident. [Weiss Aff. ¶¶ 7-11]. Therefore, Plaintiff failed to satisfy the three prong *Brayton* analysis, and this Court lacks personal jurisdiction over Defendants.

### d) This court may not consider Plaintiff's own transactions to establish personal jurisdiction over Defendants.

The second prong of the *Schwarzenegger* test requires the action to arise out of the contact with the forum state. "The Ninth Circuit interprets the second prong of the *Schwarzenegger* test as a 'but for' test." *United Aeronautical Corp. v. HB Corp.*, CV1604017BRORAOX, 2017 WL 3081682, at *8 (C.D. Cal. Feb. 3, 2017)(citing *Shute v. Carnival Cruises Lines*, 897 F.2d 377, 385 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991)).

Applying the "but for" test here, it is clear that this action does not arise from the orders Plaintiff personally placed on Defendants website, or amazon.com. Rather this cause of action arises from sales or transactions made to the public at large.   It is implausible that Plaintiff brings this complaint based on damages it incurred as a result of the two transactions it placed on Defendants websites.  It is also implausible that "but for" Defendants infringing actions, Plaintiff suffered damages from these two orders it placed on Defendants websites.  Rather, it is much more plausible that these orders were placed by Plaintiff for the sole purpose of gathering evidence against Defendants, and these transactions are not the basis for the allegations of its complaint.  Therefore, these transactions by Plaintiff fail the *Carnival* "but for" test, and cannot be used to establish personal jurisdiction over Defendants.

### 3. The exercise of personal jurisdiction over Defendants does not comport with traditional notions of fair play and substantial justice

Plaintiff also fails to satisfy the third prong of the *Schwarzenegger* test. Assuming Plaintiff's unsupported conclusory allegations are sufficient, this Court still lacks personal jurisdiction, because having Defendants required to defend this action in California would "offend traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985) ("minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in

14

forum activities."). To determine whether "fair play and substantial justice" would be offended by exercising jurisdiction, a court must:

> evaluate "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies."

*Id.* at 477. To determine reasonableness this Circuit further established that a court must consider the following seven factors:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Menken v. Emm*, 503 F.3d 1050, 1060 (9th Cir. 2007). Furthermore, courts in this district have specifically emphasized the following factors to determine reasonableness: "[T]he slightness of the purposeful interjection militates against the reasonableness of jurisdiction." *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981).  When evaluating the burden "the court may give more consideration to the defendant's burden." *United Aeronautical Corp. v. HB Corp.*, CV1604017BRORAOX, 2017 WL 3081682, at *9 (C.D. Cal. Feb. 3, 2017).  Where "[m]ost of the key events that would need to be proved, " and "[t]he site where the events in question took place or where most of the evidence is located usually will

15

be the most efficient forum." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1075 (9th Cir. 1986); "In evaluating [the efficiency of the forum] factor, we have looked primarily at where the witnesses and  the evidence are likely to be located." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993).

Here, an analysis of the seven factors applied to the facts of this case, weighs heavily in favor of Defendants and for removal of this case to Florida. The allegations in the complaint for Defendants target in California, are a mere slight interjection at best, and broadly alleges sales "in the United States, including to California," [D.E. 9 at 7 ¶17].  There is no allegation that Defendants have any physical presence in California, agents in California, or that Defendants website was specifically tailored to target California residents.   In fact, when eliminating Defendants two transactions in California, Defendants only sold two allegedly infringed items to California residents. [Weiss Aff. ¶ 12].  Therefore this Court must find that such a slight interjection militates against the reasonableness of exercising personal jurisdiction over Defendants.

Additionally, the burden of having to defend this action in California will be significant.   The alleged infringement took place in Florida, and not in California, the key events of the alleged infringement to be proven, such as business plans, development, advertising, fulfillment, and all other business related activities by Defendants took place in Florida, all of the evidence, and witnesses are also located in Florida.  Having Defendant travel 2700 miles to California will be a significant

burden.   Therefore, the most convenient forum is Florida, not California, and subjecting Defendants to personal jurisdiction will be unreasonable, and offend traditional notions of fair play and substantial justice.

## B. Venue is not proper in the Central District of California

Jurisdiction aside, venue is improper here. Plaintiff's complaint is based on copyright infringement, as well as other intellectual property infringements.

To establish venue over this action, Plaintiff must show that venue is proper not only for the copyright claim, but for the trademark, and other claims as well. *United Truck & Equipment, Inc. v. Curry Supply Co., No*. CV08–01046–PHX–GMS, 2008 WL 4811368, *11 (D.Ariz. Nov. 5, 2008) ("Despite venue being proper for United's federal copyright claim, there must be an independent basis for venue with respect to United's federal trademark claims and derivative state claims"). Therefore, venue in this case must be analyzed under 28 U.S.C. § 1391(b)(2), which requires venue to be where a "substantial part of the events or omissions giving rise to the claim" took place

Additionally, In trademark infringement cases, venue is only proper where a substantial part of the passing off took place, and the consumer likely to be confused, i.e. where the consumer buys the product.  *Sykes Lab., Inc. v. Kalvin*, 610 F.Supp. 849, 860 n. 8 (C.D.Cal.1985).  Merely posting infringing material on a website, is not sufficient to establish venue.  *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1287 (D. Ariz. 2009).

17

Here, there is no allegation that any substantial action took place in this district, to the contrary, Plaintiff repeatedly alleges that the passing off took place throughout the United States, [D.E. 9 at 7 ¶17], furthermore, Plaintiff acknowledges that its consumer likely to be confused, are located "across the United States and in other countries such as Canada, Mexico, Australia, and the United Kingdom," [Id. at 4 ¶11], thus there is no real relationship between Defendants actions and this district, as no substantial part of Defendants actions took place within this district. Therefore venue in this district is improper, and this action should be dismissed for lack of proper venue, or alternatively transferred, as discussed below.

### C. Venue should be transferred to the Southern District of Florida

This court may transfer venue, Pursuant to 28 U.S.C. § 1404(a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The purpose of § 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Here, venue is improper in this district for the reasons stated above, there is no dispute that venue would be proper in the Southern District of Florida, where Defendants are located.   Additionally, transferring this action to the Southern District of Florida will save time and money, as all of the events giving rise to this

action took place in Florida,  and this is where all of the evidence and witnesses are located.    Therefore, if this Court declines to dismiss this case, it should at least transfer to the Southern District of Florida.

### D. The complaint is comprised of typical shotgun pleadings

When a "complaint grouped multiple defendants together and failed to set out which of the defendants made which of the fraudulent statements/conduct … plaintiffs must amend their shotgun pleading to state clearly how each and every defendant is alleged to have violated plaintiffs' legal rights.   ... [E]veryone did everything allegations ... would lead to broad discovery and other pre-trial problems, and create an undue burden on the Court" and therefore should be dismissed. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (internal quotation omitted). "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Sollberger v. Wachovia Sec., LLC*, No. SACV 09–0766 AG (Anx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). Additionally, "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense. Shotgun pleadings wreak havoc on the judicial system. Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently."  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)(internal citation omitted).

19

Here, the complaint bundles together 12 defendants, without specifying how each and every defendant specifically infringed or otherwise violated Plaintiff's rights.  Such allegations are typical "everyone did everything" allegations, and makes it impossible for Defendants to provide informed responses, and creates an undue burden on this Court.  Furthermore, each of the five claims in the complaint fully incorporates its antecedent allegation by reference.[3]  Such a pleading wreaks havoc on the judicial system, diverts judicial resources, and therefore must be dismissed.

**E. Count IV and V must be dismissed because its preempted by Federal Copyright Act and the Lanham Trademark Act.**

Plaintiffs Count IV and Count V must be dismissed because it is preempted by Federal copyright law.  The rule is that:

> Federal copyright laws limit the states' ability to regulate unfair competition. A state law cause of action is preempted by the Copyright Act if two elements are present. First, the rights that a plaintiff asserts under state law must be rights that are equivalent to those protected by the Copyright Act. Second, the work involved must fall within the subject matter of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103. Preemption analysis involves determining whether the state law claim contains an element not shared by the federal law; an element which changes the nature of the action so that it is qualitatively different from a copyright infringement claim.

---

[3] Count I is outlined in ¶ 28-31, Count II incorporates ¶ 1-31; Count II is outlined in ¶ 32-37, Count III incorporates ¶ 1-37; Count III is outlined in ¶ 38-41, Count IV incorporates ¶ 1-41; Count IV is outlined in ¶ 42-45, Count V incorporates ¶ 1-45.

*Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1091 (N.D. Cal. 2008) (quoting *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439 (9th Cir.1993); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir.1998)) (internal citation omitted). More specifically, Courts in this circuit have found that claims under Cal. Bus. & Prof. Code § 17200 et seq. are preempted by Federal copyright law. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998)("Kodadek's complaint alleged unfair competition in violation of California Business and Professions Code § 17200 et seq. … Kodadek's unfair competition claim is preempted"). *Penpower Tech. Ltd.*, 627 F. Supp. 2d at 1091–92 ("the Court can discern no 'qualitative' difference between the § 17200 claims and the copyright infringement claim").

Here, Count IV of the complaint for violations of Cal. Bus. & Prof. Code § 17200 et seq.,  is preempted by Federal Copyright Act and Lanham Trademark Act, because the right Plaintiff asserts under State law, namely "copying [Plaintiff]'s copyrighted works, registered GoSports trademark, and the Washer Toss Trade Dress," [D.E. 9 at  12 ⁋ 43], are equivalent to those protected by the Copyright Act and the Lanham Trademark Act.  Specifically, Plaintiff does not allege protection for a single element that is only protected under State law, but not protected under Federal law.  Additionally, all of Plaintiff claims fall within the subject matter of the Copyright Act and the Lanham Trademark Act, as Plaintiff seeks protection for a

Federally registered trademarks and copyright works.   Therefore, Count IV of Plaintiff's complaint must be dismissed, as it is preempted by Federal law.

Similarly, under the same analysis, Count V for California common law unfair competition, is also preempted by the Federal Copyright Act and the Lanham Trademark Act, as Plaintiff does not assert any right protected under State law, not covered under the Copyright Act and the Lanham Trademark Act, but merely seeks protection for Federally registered trademarks and copyright works.   Therefore, Count V of Plaintiff's complaint must also be dismissed, as it is preempted by Federal law.

**F.  Count V must be dismissed for failure to comply with Rule 9(b).**

Fed. R. Civ. P. 9(b) provides the requirements for pleading actions involving fraud as follows:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

"It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  Furthermore, even if a cause of action does not require fraud as a necessary element, when a Plaintiff nevertheless chooses to allege fraud, it must meet the Rule 9(b) particularity requirements. *Id.*  To satisfy Rule 9(b), a Plaintiff must provide "the who, what, when, where, and how of the misconduct charged, including what is false or misleading about a statement, and

why it is false.  Broad allegations that include no particularized supporting detail do not suffice." *Puri v. Khalsa*, 674 Fed. Appx. 679, 687 (9th Cir. 2017) (internal citation and quotation omitted).

Here, Plaintiff generally alleges upon information and belief, "that Defendants' acts have been done oppressively, fraudulently, and maliciously." [D.E. 9 at 13 ¶ 49].  Yet, Plaintiff fails to provide the who, what ,when, where and how Defendants fraud allegedly occurred, but instead  generally alleges fraud without any underlying details or factual support.  Such allegations fail to satisfy the requirements of Fed. R. Civ. P. 9(b), and therefore must be dismissed.

## IV.   **Conclusion**

WHEREFORE, Defendants respectfully requests that this Court dismiss Plaintiff's complaint in its entirety, or in the alternative, transfer the case to the Southern District of Florida, and award such further relief as the Court deems just and appropriate.

**CERTIFICATE OF SERVICE**

1
2
3
4

   I hereby certify that I electronically filed the foregoing documents with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on July 8, 2019.

5
6
7
8

   **NOTICE AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR ALTERNATIVELY TO TRANSFER AND MEMORANDUM IN SUPPORT; AFFIDAVIT OF JACOB WEISS IN SUPPORT OF MOTION; AND PROPOSED ORDER**

9
10

   Participants in the case who are registered CM/ECF users will be served by the CM/ECF System.

11
12

   I certify under penalty of perjury that the foregoing is true and correct. Executed July 8, 2019, at Miramar, Florida.

13
14

                         BY: /s/ Shlomo Y Hecht
                         Shlomo Y Hecht

15
16
17
18
19
20
21
22
23
24
25
26
27
28