P&P IMPORTS LLC
Casey H. Kempner, (SBN 272149)
3233 West Castor St.
Santa Ana, CA 92704
CKempner@pandpimports.com
650-488-8270

Attorney for Plaintiff,
P&P IMPORTS LLC

Shlomo Y Hecht, PHV (FL Bar # 127144)
sam@hechtlawpa.com
Shlomo Y Hecht, PA
11651 Interchange Cir S
Miramar, FL 33025
T: 954-861-0025
Lead counsel for Defendants
OJCOMMERCE, LLC and
OJCOMMERCE.COM, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P&P IMPORTS LLC, a California limited liability<br>  Plaintiff,<br><br>  v.<br><br>OJCOMMERCE, LLC a Delaware limited liability company; OJCOMMERCE.COM, INC. a Delaware corporation; and DOES 1-10, inclusive,<br>  Defendants. | **Case No.8:19-cv-00898-AG-KES**<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: September 16, 2019<br>Time: 9 AM<br>Judge: Andrew J. Guilford<br>Courtroom: 10D |

*Additional Attorneys*

Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
LT Pacific Law Group LLP
17800 Castleton Street, #560
City of Industry, CA 91748
(626) 810-7200 phone
(626) 810-7300 fax
Designated local counsel for Defendants
OJCOMMERCE, LLC and
OJCOMMERCE.COM, INC.

Plaintiff P&P Imports LLC ("P&P" or "Plaintiff") and Defendants OJ Commerce, LLC and OJ Commerce.com, INC. (Defendants collectively "OJ Commerce" or "Defendant") by and through their undersigned counsel, hereby submit this Joint Report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1. The early meeting of counsel occurred on August 26, 2019.

1. **Synopsis**

    A. **Plaintiffs' Factual Summary**

P&P Imports designs, manufactures, markets, and distributes a wide range of high-quality outdoor lawn game products under its GoSports® brand primarily aimed at the niche outdoor lawn game marketplace. Upon information and belief, a high percentage of consumers in that marketplace are aware of P&P and its GoSports® lawn game products and their good reputation. P&P's high-quality products are carried and sold by large retailers, in-store and online, such as Amazon.com, WalMart.com, Wayfair, Houzz and eBay, and are sold in and across the United States, Canada, and the United Kingdom. The Defendants are a national retailer that intentionally copied P&P's copyrighted works, used P&P's registered GoSports® trademark, and delivered to customers an inferior product using a bait-and-switch scheme with the intent to cause confusion of source, sponsorship, or affiliation as to the parties' respective products, and to profit from P&P's goodwill and reputation. Moreover, as alleged in P&P's First Amended Complaint, OJ Commerce targeted P&P's GoSports Amazon marketplace (P&P's online store) and *added themselves as a seller* of genuine P&P products – when they never had genuine P&P products to sell. Further, as evidenced in the First Amended Complaint, Defendants maliciously undercut P&P's price by $1.31-$2.16, which not only damaged P&P's sales listing, but their reputation and good will by presenting to customers that P&P was not offering the best price for their own products. Furthermore, if these customers want to leave a negative review of this knock-off product, it is added to P&P's sales listing, causing further damages

to P&P and requiring its Santa Ana, California based customer service team to pick up the pieces and try to preserve its sales listing that took P&P years to develop.

P&P diligently protects their intellectual property in part by registering its trademarks, designing distinctive trade dress for its products, and copyrighting their original photographs and artwork to prevent competitors such as Defendants from unfairly competing with P&P, and freeriding on P&P's reputation and hard work for its own financial gain.

On or about August 15, 2016, P&P was issued US Copyright Registration Number VA 2-013-842 entitled "P&P Imports 2016 Lookbook." Pages 359-367 of P&P Imports 2016 Lookbook contains P&P's pictures of its Washer Toss Product. Additionally, P&P registered its GoSports® trademark, Reg. No. 4,802,471, and included in its identification of good its washer toss product.

At least as early as 2019, Defendants began to use, without authority, permission, or license from Plaintiff, P&P's intellectual property to promote, make, and sell Defendants' washer toss game across the United States including to California. Defendant admits that it accessed Plaintiff's copyrighted works, copied those works, and published those works on Defendants' own retail store website, including displaying P&P's prominent GoSports® registered trademark. Defendants further represented to customers on Amazon.com that it was selling GoSports® products, while admittedly not delivering to customers a genuine P&P Washer Toss.

The Defendants delivered a product that is confusingly similar to the look and feel of P&P's Washer Toss Game which is likely to cause confusion to consumers so that consumers are deceived into believing that they received a genuine GoSports product. There can be little, if any, justification for such business practices, except to benefit from, capitalize upon, and take advantage of P&P's outstanding reputation and goodwill by taking P&P intellectual property

and using it for their own financial gain.

Defendants' conduct constitutes willful infringement of P&P's copyright, trademark, and trade dress due to their intentional copying to confuse consumers into purchasing their infringing products.

Upon information and belief, intentional consumer confusion is Defendants' normal business practice, and is in gross disregard of the intellectual property laws of the United States and the rights of intellectual property owners.

### B. Defendants' Factual Summary

Defendant OJCOMMERCE.COM, INC. is a Delaware Corporation, headquartered in Florida, that is the owner of the domain name ojcommerce.com. There is absolutely no relationship between any of the alleged actions of infringement that is even remotely related to OJCOMMERCE.COM, INC.'s actions. OJCOMMERCE.COM, INC. has no relationship with California, has never conducted any business in California, and was added to this Complaint without any factual or legal basis.

Defendant OJ COMMERCE, LLC is a large online retailer that sells more than 500,000 unique items online on its website ojcommerce.com and marketplaces, such as Amazon.com. OJ COMMERCE, LLC has no physical presence in California, does not specifically target any California residence, and has not committed any act subjecting it to personal jurisdiction in California.

As for the alleged infringements, OJ COMMERCE, LLC uses a variety of automated programs, and third party integration software, that it relies on for matching up online products to unique product codes. While these systems are extremely reliable, and commercially reasonable, sometimes a product mismatch occurs, and erroneously matches up Defendant's Stock Keeping Unit (SKU), with an Amazon Standard Identification Number (ASIN). When such an error is discovered, OJ COMMERCE, LLC takes immediate action to correct it.

From the preliminary investigation, OJ COMMERCE, LLC's present belief is that is exactly what happened here, that its SKU was erroneously matched up with Plaintiff's ASIN, giving rise to this action. It was an innocent unintentional mistake, and was immediately corrected upon notice.

The alleged infringement was a very brief time, and the sales of that product that that period were minimal, and Plaintiff has not incurred any damages, as a result is no real case in controversy, other than Plaintiff's attempt to wrap up a legal bill and try to collect attorney's fees.

## 2. Legal Issues

### A. Plaintiff's Description of the Legal Issues

The legal issues include copyright, trademark, and trade dress infringement under federal law, and unfair competition under federal and California law, and related state claims based on Defendants' intentional and wrongful acts.

The key legal issues are: 1) liability for copyright, trademark, and trade dress infringement; 2) willfulness of the infringements; and 3) damages.

### B. Defendants' Description of the Legal Issues

The legal issues are trademark, copyright, trade dress, and California unfair competition. The key issues in dispute are whether any alleged violation was willful.

## 3. Damages

### a. Plaintiff's Summary

P&P has suffered lost sales and profits due to Defendants' infringement, in an amount to be determined at trial after discovery and testimony, estimated to be in an amount of not less than $150,000. Defendants' sales and profits, as a measure of P&P's damages and/or as equitable disgorgement, in an amount to be determined at trial and after discovery and testimony, but believed to be in amount of not less than $50,000. However, these amounts are just estimates as Defendants

have not yet produced sales documents. P&P also may elect to pursue statutory damages of $150,000 for Defendants' willful copyright infringement.

Defendants' unauthorized use of the P&P's intellectual property, and their unfair competition and false advertising, copyright infringement, trademark and trade dress infringement, and other wrongful acts, unjustly enriches Defendants at the expense of P&P's reputation and goodwill, in an amount to be determined at trial and subject to discovery and testimony, but believed to be in amount of not less than $250,000. Plaintiff may seek an award of corrective advertising, which, as with the other damage and profits calculations, is subject to proof, including expert testimony, but is estimated to exceed $50,000. Additionally, Plaintiff will also be seeking treble damages, due to the willful infringement by the Defendants, which would amount to up to three times P&P's actual damages.

Plaintiff also seeks punitive damages, under California law, as a result of Defendants' wrongful acts, which are fraudulent, malicious, and oppressive with complete and reckless disregard for the rights of P&P in violation of Cal. Civil Code § 3294. These are expected to exceed $1,000,000.

Lastly, P&P seeks attorneys' fees, and litigation costs, which through trial, is estimated to exceed $250,000.

### b. Defendants' Summary

Plaintiff has not suffered any monetary damages as a result of the alleged infringements.  Defendants sales were minimal.  As a result, the only potential damage recovery are statutory damages of $750.

None of the alleged actions were willful, and Plaintiff took immediate corrective measures upon notice, therefore, Plaintiff is not entitled to punitive damages, treble damages, or attorney's fees.

### A. Insurance

Plaintiff request to review Defendants' CGL insurance and other existing policies to make their own determination of any potential coverage.

Defendants state that no insurance company is involved in this action.

### B. Motions

At this time, Plaintiff is investigating Defendants' identification of other parties in its Motion to Dismiss (Dkt. No. 23). Neither party currently plans to file any motions to add any additional parties, but this could change after discovery if such relevant facts are discovered.

### C. Discovery and Experts

At this time, Plaintiff, P&P, has not identified experts yet, but may have a damages expert/accounting expert, corrective advertising expert, possibly an industry expert, and possibly a survey expert. Defendants may have a damages/accounting expert, and survey expert. Either party may have rebuttal experts.

### D. Dispositive Motions

Both parties may have motions *in limine*, as well as motions for summary judgement. The parties agree that the party opposing any motion for summary judgment of partial summary judgment shall have at least 14 calendar days to file opposition papers, and the moving party shall have at least 10 calendar days to reply. It is up to the moving party to file its motion sufficiently in advance of the motion hearing date to allow for the opposition and reply schedule set forth in this paragraph.

#### a. Settlement and Settlement Mechanism

The parties have discussed settlement. Plaintiff offered to settle this case very early for a small and reasonable amount; however, the Defendants' counter offer was below Plaintiff's costs and fees and would not serve to deter Defendants' unscrupulous business practices.

Defendants' offered to settle this case by paying an amount that covers statutory damages for infringement, in access of all alleged profits, and in addition to pay for the filing fees of this action.

The parties agreed to use the Central District Panel of Neutrals for their ADR settlement mechanism.

### b. Trial Estimate

The parties agree that a preliminary estimate of the time required would be a 3-4 day jury trial.

### c. Timetable

The proposed timetable is attached as Exhibit A.

### d. Other Issues

The parties agree a mutual protective order should be entered and will try to stipulate to a protective order and ESI protocol.

### e. Conflicts

There are no conflicts currently that the parties are aware of, and the corporate affiliated entities were disclosed in the parties' Notices of Interested Parties.

### f. Patent Cases

This does not apply in this case as there are no patents involved.

### 4. Magistrates

At this time, the parties do not wish to have a Magistrate Judge preside, but

possibly could agree later to this procedure.

Respectfully submitted,

Dated:  September 9, 2018

By: */s/ Casey H. Kempner*
Casey H. Kempner
Attorney for Plaintiff,
P&P IMPORTS, LLC

By: */s/ Shlomo Y Hecht*
Shlomo Y Hecht
Attorney for Defendants
OJCOMMERCE, LLC and
OJCOMMERCE.COM, INC.

# EXHIBIT A

## JUDGE: ANDREW J. GUILFORD

## PRESUMPTIVE SCHEDULE OF PRETRIAL DATES

| Matter | Time | Proposed Schedule of Pretrial Dates | Weeks before Trial |
|---|---|---|---|
| Trial date (jury) (court) Estimated length: _4_ days | 9:00 a.m. (Tuesday) | December 1, 2020 | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | November 24, 2020 | -1 |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | | November 10, 2020 | -3 |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | November 10, 2020 | -3 |
| Last day for hand-serving Motions in Limine | | October 20, 2020 | -6 |
| Last day for hearing motions | 10:00 a.m. (Monday) | October 12, 2020 | -7 |
| Last day for hand-serving motions and filing (other than Motions in Limine) | | September 15, 2020 | -11 |
| Expert Discovery Cut-Off | | September 1, 2020 | -13 |
| Opening Expert Witness Disclosure [See F.R.C.P. 26(a)(2)] | | August 4, 2020 | -17 |
| Fact Discovery Cut-Off | | August 4, 2020 | -17 |
| Last day to conduct Settlement Conference | | April 7, 2020 | -34 |

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: September 9, 2019

           P&P IMPORTS LLC

           By: */s/ Casey H. Kempner*
           Casey H. Kempner
           Attorney for Plaintiff,
           P&P IMPORTS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing documents with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on September 9, 2019. Participants in the case who are registered CM/ECF users will be served by the CM/ECF System.

I certify under penalty of perjury that the foregoing is true and correct. Executed September 9, 2019, at Santa Ana, California.

By: */s/ Casey H. Kempner*
Casey H. Kempner
Attorney for Plaintiff,
P&P IMPORTS, LLC