UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00898 AG (KESx) | Date | October 4, 2019 |
|---|---|---|---|
| Title | P AND P IMPORTS LLC v. OJCOMMERCE, LLC, ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**[IN CHAMBERS] ORDER REGARDING MOTION TO DISMISS OR TRANSFER (DKT NO. 23)**

Plaintiff P&P Imports LLC brought 5 claims against OJ Commerce, LLC and OJCOMMERCE.COM, Inc. for trademark infringement, copyright infringement, trade dress infringement, and unfair competition. (Dkt. No 9, First Amended Compl. ("FAC").) Defendants have filed a motion to dismiss for lack of personal jurisdiction and improper venue. (Dkt. No. 23, ("Motion").) Alternatively, they seek to transfer the case to the Southern District of Florida. Plaintiff opposes the Motion. (Dkt. No. 29, ("Opp.").)

The Court GRANTS the Motion. The Court TRANSFERS this case to the Southern District of Florida.

**1. BACKGROUND**

Plaintiff is a designer and distributor of proprietary games and sporting goods under its GoSports brand, among other brands. (FAC ¶ 11.) Plaintiff has been in business since 2007 and extensively advertises and promotes its products in retail venues including Amazon, Walmart, and Target. (*Id.* ¶ 12.) P&P is presently located in Santa Ana, California and employees twenty individuals at its Orange County headquarters. (*Id.* ¶ 12.) Plaintiff markets its products under three brands, with all trademarked in the United States Patent and Trademark Office. (*Id.* at 13.)

One of Plaintiff's products under the GoSports brand is the "PEMIUMIUM WASHER TOSS GAME SET." (FAC ¶ 14.) In August 2016, Plaintiff was issued US Copyright Registration Number VA 2-013-842 entitled "P&P Imports 2016 Lookbook." (*Id.* ¶ 15.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00898 AG (KESx) | Date | October 4, 2019 |
|---|---|---|---|
| Title | P AND P IMPORTS LLC v. OJCOMMERCE, LLC, ET AL. | | |

Plaintiff asserts Defendants sell an infringing washer toss game set ("washer game") on an internet retail store owned and operated by Defendants using Plaintiff's copyrighted images and registered GoSports trademark. (*Id.* ¶ 16.) Plaintiff claims Defendants do not sell and ship genuine P&P products but instead sell a product made by BSN SPORTS, INC. dba US GAMES. (*Id.*) Plaintiff states Defendants have unfairly infringed the copyrights, trademarks, and trade dress of Plaintiff's washer game to market and sell the infringing washer game. (*Id.*)

## 2. LEGAL STANDARDS

### 2.1 Personal Jurisdiction

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Federal courts don't have personal jurisdiction over a nonresident defendant unless: (1) the defendant purposefully established "minimum contacts" with the forum state and (2) the exercise of jurisdiction comports with "fair play and substantial justice." *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). Minimum contacts are shown if the defendant's affiliations with the state are so constant and pervasive "as to render [it] essentially at home in the forum State" (general jurisdiction), or if the defendant has sufficient contacts arising from or related to specific transactions or activities in the state (specific jurisdiction). *Id.* at 122, 127.

Courts exercise general jurisdiction over corporations whose place of incorporation and principal place of business are in other states *only* in "exceptional" cases. *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014). In cases sounding in tort, the exercise of specific jurisdiction is appropriate where the defendant allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00898 AG (KESx) | Date | October 4, 2019 |
|---|---|---|---|
| Title | P AND P IMPORTS LLC v. OJCOMMERCE, LLC, ET AL. | | |

### 2.2 Venue

28 U.S.C. § 1391(b) provides that "[a] civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

"Once a defendant challenges venue, the plaintiff bears the burden of showing that venue is proper." *GemCap Lending I, LLC v. Trent Bateman*, No. CV17-3305 PSG GSJx, 2017 WL 8183191, at *2 (C.D. Cal. July 17, 2017). "In determining whether venue is proper, the Court need not accept the pleadings as true and may consider facts outside of the pleadings." *Id.* "If the Court determines venue is improper, it may either dismiss the case or transfer the case to any other district in which it could have been brought." *Id.*; *see also* 28 U.S.C. § 1406(a).

## 3. ANALYSIS

### 3.1 Personal Jurisdiction

Defendants, a Delaware corporation and a Delaware LLC, both have headquarters in Florida. (Motion at 8.) The Supreme Court has clarified that "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradigm . . . bases for general jurisdiction'" because that is where the defendant is "at home." *Daimler*, 571 U.S. at 137. "Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable." *Id.* "These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id.* So while Defendants' global internet sales give it a presence in the domestic and international market, it is not automatically subject to general jurisdiction in every large market. Even continuous and systematic business operations are insufficient to justify general jurisdiction. *See Martinez*, 764 F.3d at 1070 ("The Court in *Daimler* rejected the plaintiffs' argument, also pressed by plaintiffs here, that general jurisdiction is appropriate whenever a corporation 'engages in a substantial, continuous, and systematic course of business' in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00898 AG (KESx) | Date | October 4, 2019 |
|---|---|---|---|
| Title | P AND P IMPORTS LLC v. OJCOMMERCE, LLC, ET AL. | | |

state."). Defendants don't have headquarters or executive offices in California, and its center of control is in Florida. (*See* Motion at 8.) Under *Daimler*, Defendants are not "at home" in California and are only subject to suit here if the facts of this case support specific jurisdiction.

They do not. Specific jurisdiction requires a showing that Defendants' lawsuit-related conduct created a "substantial connection" with California. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014). It isn't enough that Plaintiff resides in California—Defendants must have directed its lawsuit-related activity to the forum state. *Casualty Assurance Risk Ins. Brokerage Co. v. Dillon,* 976 F.2d 596, 601 (9th Cir. 1992).

Here, Plaintiff states that Defendants: (1) targeted Plaintiff's California-based Amazon marketplace listing, (2) purported to sell a California company's product and delivered to California customers, and (3) aimed at California by including "Prop 65" disclosures on Defendants' website. (Motion at 5-8.) But "a mere injury to a forum resident is not a sufficient connection to the forum" to create specific jurisdiction. *Walden*, 571 U.S. at 283-86. In briefing, Plaintiff repeatedly cites *California Brewing Company*, an unreported district court case from the Eastern District of California. *California Brewing Co. v. 3 Daughters Brewing LLC*, No. 2:15-cv-02278-KJM-CMK, 2016 WL 1573399 (E.D. Cal. April 19, 2016). The *California Brewing Company* case is distinguishable on several grounds, and in any case the Court declines to apply this unreported case.

Even if the Court takes all of Plaintiff's allegations as true, the allegations are not sufficient to establish personal jurisdiction over Defendants because Plaintiff fails to allege that Defendants sales to California were not "random, fortuitous, or attenuated" and merely because California "is where the purchaser happened to reside." *See Boscheto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008). Posting Plaintiff's intellectual property on Defendants' website is insufficient to establish personal jurisdiction. *See Erickson v. Nebraska Mach. Co.*, 15-CV-01147-JD, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) ("The mere act of copying Erickson's photographs and posting them on NMC's website did not involve entering California, contacting anyone in California, or otherwise reaching out to California."). Further, marketing and selling to California residents through Defendants' website or Amazon.com is insufficient to establish personal jurisdiction. *Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, 15-CV-02991-JST, 2015 WL 5834135, at *3-4 (N.D. Cal. Oct. 7, 2015) (finding no personal jurisdiction over defendant where plaintiff argued "the express aiming prong [was]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00898 AG (KESx) | Date | October 4, 2019 |
|---|---|---|---|
| Title | P AND P IMPORTS LLC v. OJCOMMERCE, LLC, ET AL. | | |

satisfied here because 1.2% of [defendant's] sales are shipped to California and because [defendant] advertises for sale and sells infringing software on its website and through its Amazon.com account").

The Court thus lacks jurisdiction over Defendants in this matter.

### 3.2 Improper Venue

Even if the Court found it had personal jurisdiction over the Defendants here, the Central District of California is not a proper venue. Both Defendants are headquartered in Florida, so Plaintiff can't meet the first or third prongs of the venue test. *See* 28 U.S.C. § 1391(a), (c). Venue is thus only proper in this District if Plaintiff can meet the second prong and show that "a substantial part of the events or omissions giving rise to the claim occurred" in California. 28 U.S.C. § 1391(b)(2).

Other than Plaintiff's California residence and Defendants' alleged internet sales to California, this case has little connection to the state. All the events giving rise to this action took place in Florida, where all the evidence and most of the witnesses are located. (Opp. at 18-19.) The alleged infringement took place in Florida. Likewise, Florida is the location of the key events of the alleged infringement to be proven, such as business plans, development, advertising, fulfillment, and all other business-related activities by Defendants. (*Id.* at 16.)

Plaintiff simply hasn't showed that "a substantial part of the events or omissions giving rise to the claim occurred" in California. 28 U.S.C. § 1391(b)(2). And even if the Court found venue was proper in this District, it would find the interests of justice favor litigation in Florida, for these and other reasons.

## 4. DISPOSITION

Under these circumstances, the Court may either dismiss the litigation or transfer it to a proper or more convenient venue. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466 (1962) (holding that a court may transfer venue "whether the court in which it was filed has personal jurisdiction over the defendants or not"); *Nelson v. Int'l Paint Co.,* 716 F.2d 640, 643 (9th Cir.1983) (holding cases may be transferred under 28 U.S.C. § 1406 "to cure a lack

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00898 AG (KESx) | Date | October 4, 2019 |
|---|---|---|---|
| Title | P AND P IMPORTS LLC v. OJCOMMERCE, LLC, ET AL. | | |

of personal jurisdiction in the district where the case was first brought"). Defendants are both based in Florida, where both personal jurisdiction and proper venue clearly lie.

The Court TRANSFERS this case to the Southern District of Florida. The Court can take no further action on any claims.

  : 0

Initials of Preparer   mku

CIVIL MINUTES – GENERAL
Page 6 of 6